Michael Ray LOUNSBURY,
Petitioner—Appellant,

v.

Frank THOMPSON, Superintendent,
Respondent—Appellee.

No. 05–36057.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2006.*

Decided May 18, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

774

Christopher J. Schatz, Esq., FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner—Appellant.

Carolyn Alexander, Esq., AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent—Appellee.

Before: GOODWIN, HUG, and BERZON, Circuit Judges.

### MEMORANDUM **

■ Oregon state prisoner Michael Lounsbury appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for aggravated murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Lounsbury argues that his due process right not to stand trial if incompetent was violated by the state trial court's determination that he was competent. Lounsbury argues that the state trial court's competency ruling was based on an unreasonable determination of the facts in light of the evidence presented and involved an unreasonable application of clearly established

federal law. 28 U.S.C. § 2254(d). In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

First, Lounsbury contends that the state trial court unreasonably relied on the competency recommendation of one doctor instead of the recommendations of Lounsbury's two experts when it found Lounsbury competent to stand trial on February 3, 1993. Over the course of three competency hearings, the state court heard testimony and considered reports from Lounsbury's experts, Dr. Goldmann and Dr. Colbach, and from state psychologist Dr. Hulteng. At the first hearing Dr. Colbach testified that Lounsbury could aid in his defense, while at the second hearing he testified that Lounsbury could not. Dr. Goldmann testified that Lounsbury could not aid in his defense, and Dr. Hulteng testified that Lounsbury was malingering and had "backed off" many of the delusional symptoms initially reported to him. The state court considered the testimony and conclusions of all three experts. In light of the evidence presented by the experts, it was not unreasonable for the trial court to find Lounsbury competent to stand trial.

Lounsbury also argues that a report prepared by Dr. Goldmann on December 20, 2003, supports the conclusion that the state trial court unreasonably relied on Dr. Hulteng's recommendation over those of his experts. This 2003 report relied on a November, 2003, interview with Lounsbury, and on his medical records. In this report, Dr. Goldmann concludes that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Lounsbury was not able to assist in his own defense in 2003 or in 1993. Lounsbury argues that this report supports his contention that Dr. Hulteng was wrong when he recommended that the court find him competent in 1993. However, even if the state trial court had the benefit of the 2003 report, the court's determination that Lounsbury was competent to stand trial in 1993 would not be objectively unreasonable. Lounsbury has failed to rebut by clear and convincing evidence the presumption that the state court determination regarding his competence to stand trial is correct. *See* 28 U.S.C. § 2254(e)(1).

 Second, Lounsbury contends that the state trial court did not correctly apply the Supreme Court's competency test. He argues that the court did not address the degree of irrationality presented by his delusions regarding the victim, his own mortality, or the court process. The state trial court did not address these asserted delusions because it agreed with Dr. Hulteng that Lounsbury was malingering.

The competency standard for standing trial is whether the defendant "has suffi-cient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam) (internal quotation marks omitted). The state trial court applied the correct competency test when it found Lounsbury "capable of understanding the nature of the proceedings against him and assisting and cooperating with this counsel and participating rationally in his defense."

Because state trial court's competency ruling was not based on an unreasonable determination of the facts and did not involve an unreasonable application of clearly established federal law, the judgment is AFFIRMED.